**LAKE HURON BROADCASTING CORPORATION, Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**WJR, The Goodwill Station, Inc., a Michigan corporation, Intervenor.**

**No. 14717.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 7, 1959.

Decided Nov. 5, 1959.

Mr. Vernon L. Wilkinson, Washington, D. C., with whom Mr. James A. McKenna, Jr., Washington, D. C., was on the brief for appellant.

Mr. James T. Brennan, Jr., Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, Gen. Counsel, Federal Communications Commission, Max D. Paglin, Asst. Gen. Counsel, Federal Communications Commission, and Jerry M. Hamovit, Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. R. Russell Eagan, Washington, D. C., with whom Mr. Reed T. Rollo, Washington, D. C., was on the brief, for intervenor.

Before BAZELON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

This is a companion case to W. S. Butterfield Theatres, Inc., v. F.C.C., Nos. 12527, 12528, 12752, 12753, 14685 and 14691, 106 U.S.App.D.C. ——, 272 F.2d 512.

Appellant, Lake Huron Broadcasting Corporation, entered the picture protesting the grant on April 14, 1955, of the application of WJR for modification of its construction permit covering Channel 12 at Flint, Michigan. Upon receiving the protest, the Commission ordered a hearing and postponed the effective date of the grant. Upon the remand by this court of Nos. 12666 and 12667,[1] the Commission, in accordance with the court's order, reopened the comparative record, all of which appears in our opinion this day filed involving W. S. Butterfield Theatres, Inc. and Trebit Corporation. Lake Huron, on October 29, 1956, tendered for filing an application of its own for Channel 12, contending that if WJR could be heard on what Lake Huron denominated a "new" application for that channel, Lake Huron was likewise entitled to be heard. Lake Huron was permitted to become a party intervenor in the further hearing ordered by this court.

The Commission affirmed the grant to WJR and returned Lake Huron's application for Channel 12, holding that under the Commission's cut-off rules it was filed too late. The Commission also denied the protest filed to the application of WJR for modification of its construction permit.

We agree with the Commission that the application of Lake Huron for Channel 12 was filed too late; and we further agree that the action of the Commission

[1]. W. S. Butterfield Theatres v. Federal Communications Comm., 1956, 99 U.S.App.D.C. 71, 237 F.2d 552.

in denying the protest was based upon substantial evidence in the record. It follows that the action of the Commission must be

Affirmed.